NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

23-37

STATE OF LOUISIANA

VERSUS

TODD VINCENT EDWARDS

************

APPEAL FROM THE
SIXTEENTH JUDICAL DISTRICT COURT
PARISH OF IBERIA, NO. 04-1111
HONORABLE ROGER P. HAMILTON, JR., JUDGE

************

VAN H. KYZAR
JUDGE

************

Court composed of D. Kent Savoie, Van H. Kyzar, and Candyce G. Perret, Judges.

APPEAL DISMISSED.

Hon. Bo Duhé
District Attorney
300 Iberia Street, Ste. 200
New Iberia, Louisiana 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
    State of Louisiana

**Todd Vincent Edwards**
**In Proper Person**
**Rayburn Correctional Center**
**27268 HWY 21 North**
**Angie, LA 70426**
**(337) 436-2900**
**COUNSEL FOR APPELLANT:**
    **Todd Vincent Edwards**

**KYZAR, Judge.**

On July 14, 2004, Defendant, Todd Vincent Edwards, was charged by bill of information with one count of second offense possession of a controlled and dangerous substance, Schedule II, more than 28 grams, but less than 200 grams, within a drug free zone, in violation of La.R.S. 40:967(F)(1)(a), 40:981.3, and 40:981.3, and one count of transactions involving proceeds from drug offenses, in violation of La.R.S. 40:1049.

On May 5, 2005, Defendant filed a motion to waive a trial by jury, and a bench trial was held on May 18, 2005, wherein Defendant was found guilty, as charged. On December 12, 2005, he was sentenced to ten years at hard labor on count one and five years at hard labor on count two. Defendant was given credit for time served, and his sentences were ordered to run concurrently. Following sentencing, the State filed a multiple offender bill. Before his adjudication hearing, Defendant appealed his convictions and sentences. On appeal, this court vacated Defendant's conviction and sentence for possession of Schedule II, second offense, in a drug free zone and entered a conviction for possession of more than 28 grams but less than 200 grams of cocaine and remanded the case for resentencing. This court also overturned Defendant's conviction for conducting a transaction involving proceeds from a drug offense. *State v. Edwards*, 06-850 (La.App. 3 Cir. 6/13/07), 963 So.2d 419.

Following remand, the trial court sentenced Defendant to seven years at hard labor. Subsequently, Defendant was adjudicated a multiple offender and sentenced to thirty years at hard labor and to pay a fine of $25,000 plus court costs. On appeal, this court affirmed the habitual offender sentence after vacating the fine. *State v.*

*Edwards*, 09-799 (La.App. 3 Cir. 3/17/10) (unpublished opinion)*, writ denied*, 10-849 (La. 11/19/10), 49 So.3d 396.

On February 1, 2022, Defendant filed a motion to correct illegal sentence with the trial court, alleging errors with the habitual offender bill of information and that the trial court failed to specify the prior conviction used to enhance Defendant's sentence. On April 19, 2022, the trial court denied Defendant's motion. In September 2022, Defendant filed another motion to correct illegal sentence with the trial court, again raising issue with the habitual offender bill of information and the trial court's alleged failure to specify the conviction used as an enhancement for Defendant's adjudication. On October 11, 2022, a hearing was held on Defendant's motion, and the trial court denied the motion finding it to be repetitive of Defendant's previous motion to correct illegal sentence that was denied on March 24, 2021.

On October 24, 2022, Defendant filed a motion for appeal with the trial court seeking an appeal of the trial court's denial of his motion to correct illegal sentence. The trial court granted the appeal on October 26, 2022.

On January 19, 2023, this court lodged the appeal record. On January 23, 2023, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 912.1.

On February 7, 2023, Defendant timely filed his response to the rule to show cause wherein he argues La.Code CrimP. art. 912.1 does not apply to his motion to correct illegal sentence because "a motion to correct an illegal sentence is the proper remedy to make a collateral attack upon his sentence and conviction."

It is the content of the pleading, not its caption, that determines its nature. *State ex rel. Daley v. State*, 97-2612 (La. 11/7/97), 703 So.2d 32. Based on the

2

arguments raised, we find Defendant's motion is more properly construed as an application for post-conviction relief and is subject to La.Code Crim.P. art. 930.6(A), which states: "The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief. No appeal lies from a judgment dismissing an application or otherwise denying relief."

Further, La.Code Crim.P. art. 912(C)(1) provides the right of judicial review by application to the court of appeal for a writ of review when a judgment is not appealable. As Defendant is seeking review of the trial court's October 11, 2022 denial of his motion to correct illegal sentence, the proper manner for review of this ruling is a supervisory writ. La.Code Crim.P. arts. 912.1(C)(1) and 930.6(A).

Furthermore, on November 3, 2022, this court filed a writ of review for Defendant bearing docket number 22-713 wherein Defendant seeks supervisory review of the trial court's October 11, 2022 denial of Defendant's motion to correct illegal sentence. As Defendant currently has a pending writ application challenging the same ruling, we hereby dismiss Defendant's appeal.

Accordingly, we hereby dismiss Defendant's appeal.

**APPEAL DISMISSED.**

3